791 F.2d 934
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
NEW YORK TIMES COMPANY, Plaintiff-Appellant,
v.
CITY OF LAKEWOOD, Defendant-Appellee.
 84-3675
 United States Court of Appeals, Sixth Circuit.
 4/30/86
 
 VACATED AND REMANDED
 N.D.Ohio
 On Appeal from the United States District Court for the Northern District of Ohio
 BEFORE: KEITH and KENNEDY, Circuit Judges; and UNTHANK.*
 PER CURIAM:
 
 
 1
 Appellant, The New York Times ('The Times'), appeals an order of the district court denying a preliminary injunction against the City of Lakewood ('City'). The Times filed this action against the City for declaratory and injunctive relief to establish The Times' First Amendment right to distribute newspapers on City streets by means of coin-operated newsracks. For the following reasons we vacate the district court's judgment denying appellant's motion for preliminary injunction and remand the case to the district court to be dismissed without prejudice under the doctrine of abstention.
 
 I.
 
 2
 The appellant is the publisher of The New York Times, a newspaper of general circulation, with readership throughout the United States. In January of 1984, the Times began an effort to broaden the distribution of the national edition of the Times in the Cleveland area. The City of Lakewood is located immediately to the west of Cleveland. The ordinances of the City of Lakewood prohibit placement of newsracks in any residential use district, including the City's principal street, Clifton Boulevard. Section 901.181 of the City Ordinances also requires a permit and rental fee before a newspaper box is placed anywhere else in the City. Despite knowledge of these ordinances, the Times placed newsracks on Clifton Boulevard.
 
 
 3
 This action commenced after the City seized newsracks placed by the Times along Clifton Boulevard and after the City filed forty-two criminal complaints accusing the Times of violating City zoning and licensing ordinances that ban newsracks in all residentially zoned areas of the City. This action was consolidated with Plain Dealer Publishing Company v. City of Lakewood, which involved similar ques ions of law and fact. The trial of Plain Dealer and the Times' motion for preliminary injunction were both heard on the merits.
 
 
 4
 On July 12, 1984 the district court entered judgment for the City in the Plain Dealer case. The court held that all the relevant City ordinances were constitutional and entered judgment for the City. On the basis of the findings of fact and conclusions of law in the Plain Dealer case, the district court found that there was no probability that the Times would succeed on the merits of its suit. Therefore, the court denied the Times' motion for preliminary injunction.
 
 II.
 
 5
 The issue on appeal concerns the constitutionality of Sections 902.18, 901.181 and 901.99 of the Codified Ordinances of the City of Lakewood regarding the placement of newsracks in residential districts. The Times argues that the 'public forum' doctrine requires this Court to reverse the district court decision for the City. Under the doctrine of abstention, we vacate the district court's judgment.
 
 
 6
 The doctrine of abstention permits federal courts to decline or postpone the exercise of jurisdiction pending the state court's opportunity to decide the case. Colorado River Water Conservation District v. United States, 424 U.S. 800, 813, reh'g. denied, 426 U.S. 912 (1976). However, abstention is a narrow and extraordinary exception to the duty of the federal courts to adjudicate matters which are correctly before them. Id. We believe the doctrine of abstention should be applied here.
 
 
 7
 The Supreme Court in Younger v. Harris, 401 U.S. 37 (1971) held that absent extraordinary circumstances, a federal court is precluded from enjoining a pending state criminal proceeding. However, Younger approved the possibility of federal injunctive relief in extraordinary circumstances:
 
 
 8
 (1) Where irreparable injury is both 'great and immediate,' Younger, 401 U.S. at 46 . . .
 
 
 9
 (2) Where the state law is 'flagrantly and patently violative of express constitutional prohibitions,' Id. at 53, . . . and (3) Where there is a showing of 'bad faith, harassment, or other unusual circumstances that would call for equitable relief[.'] Id. at 54. . . .
 
 
 10
 Ada-Cascade Watch Co., Inc. v. Cascade Resource Recovery, 720 F.2d 897, 902 n.2 (6th Cir. 1983).
 
 
 11
 In the present case, the Times presented no evidence at the trial pertaining to irreparable injury. The only evidence in the record pertaining to possible irreparable harm are affidavits which state that 'cost effectiveness of the newsboxes helps keep the cost of the paper as low as possible' and that 'if the Times is not permitted to maintain newspaper vending machines . . . sales will be diminished. . . .' With a daily circulation of 930,000 papers, we find it difficult to believe that the Times suffered 'great and immediate' irreparable injury caused by the City's prohibition of seven newsracks within the residential zones of the City.
 
 
 12
 Next, the Times does not indicate how the City's ordinances are 'flagrantly' violative of 'express constitutional prohibitions.' Nor can any flagrant violations be construed from the City's Ordinances. Finally, there has been no allegation nor any proof of bad faith prosecution. Consequently, we find that the present case falls within the Younger doctrine of abstention.
 
 
 13
 Accordingly, we vacate the judgment of the district court and remand to the district court with instructions to dismiss the case without prejudice under the doctrine of abstention.
 
 
 
 *
 Honorable G. Wix Unthank, United States District Judge for the Eastern District of Kentucky, sitting by designation